**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**BLAST INTERMEDIATE UNIT 17, et al., Defendants.**

Civ. No. 85–0774.

United States District Court, M.D. Pennsylvania.

Dec. 22, 1987.

---

**4.** By way of comparison, in *Meyers* plaintiff had sought damages as well as injunctive relief.

Michael Holmes, Trial Atty. and Reginald L. Sydnor, Supervisory Trial Atty., Spencer H. Lewis, Jr., Johnny J. Butler, General Counsel (Acting), Philip B. Sklover, E.E.O.C., Washington, D.C., Carmen Matos, E.E.O.C., Philadelphia Dist. Office, Philadelphia, Pa., for E.E.O.C.

David R. Bahl, Williamsport, Pa., Julia W. Manning, Lawrence B. Fine, Michael L. Banks, Philadelphia, Pa., for Blast Intermediate Unit 17.

Calvin R. Koons, Deputy Atty. Gen., Mary Rogers, Chief Counsel, Dept. of Educ., Harrisburg, Pa., for Com. of Pa.

## MEMORANDUM AND ORDER

KOSIK, District Judge.

The plaintiff, Equal Employment Opportunity Commission [hereinafter "EEOC"], instituted the instant action against Blast Intermediate Unit 17 on June 6, 1985. On March 4, 1987, plaintiff filed a motion to amend the complaint, which was granted. As a result of the amendment, the Department of Education and the Commonwealth of Pennsylvania were added as defendants.

On June 24, 1987, the defendants Commonwealth of Pennsylvania and Department of Education filed a motion to dismiss the amended complaint. A brief in support of the motion was filed on July 9, 1987. On September 16, 1987, defendant Blast Intermediate Unit 17 [hereinafter "Blast"] filed a memorandum in opposition to the motion by the Commonwealth for dismissal. On September 18, 1987, the plaintiff filed a brief in opposition to the Commonwealth defendants' motion to dismiss. A reply brief in support of their motion was filed by the Commonwealth defendants on September 29, 1987. All briefs having been filed, the matter is now ripe for disposition.

Plaintiff, EEOC, brought the instant action against Blast alleging violations of the Equal Pay Act[1], 29 U.S.C. Section 206.

Specifically, plaintiff claims that Blast engaged in discriminatory employment practices in that female teacher's aides were paid lower salaries than similarly situated male employees because of their sex. The Commonwealth of Pennsylvania and the Department of Education were joined as defendants on April 10, 1987. Plaintiff is seeking injunctive relief, as well as damages.

In support of their motion, the Commonwealth defendants argue that they are not "employers" of Blast's teacher's aides under the Equal Pay Act and as such are not proper parties to this action. Further, they assert that neither the Commonwealth nor the Department of Education are necessary parties for joinder pursuant to Fed.R.Civ.P. 19. The plaintiff and defendant Blast argue that the Commonwealth defendants are employers under 29 U.S.C. Section 203(d) of the Fair Labor Standards Act and/or that they are necessary parties in the absence of which complete relief cannot be granted.

29 U.S.C. § 206(d) provides for liability by any employer which discriminates on the basis of sex in paying wages to employees performing work which requires equal skill. An "employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency. 29 U.S.C. § 203(d).

The plaintiff EEOC and defendant Blast argue that Blast is an administrative unit by which the Commonwealth discharges its responsibility of providing education to handicapped and special children and as such, that Blast and the Commonwealth are part of an "enterprise" in the provision of educational services and are joint employers under the Fair Labor Standards Act. 29 U.S.C. § 203. In support of its argument Blast cites *Marshall v. Georgia Southwestern College*, 489 F.Supp. 1322 (M.D.Ga.1980) and *Bonnette v. California Health and Welfare Agency*, 525 F.Supp. 128 (N.D.Cal.1981) *aff'd* 704 F.2d 465 (9th Cir.1983).

**1.** The Equal Pay Act is part of the Fair Labor   Standards Act, 29 U.S.C. § 201 et seq.

*Marshall,* supra, dealt with the Board of Regents of the University System of Georgia, a constitutionally empowered entity which governs, controls and manages each of Georgia's institutions of higher learning. The Board of Regents has thirty-two institutions and all academic and administrative personnel of the institutions are employed, compensated and subject to discipline and dismissal by the Board of Regents. Thus, the court found that while each employed person worked at a particular institution, the Board of Regents, rather than the particular institution, was the employer and that the institutions collectively were an enterprise under the Fair Labor Standards Act.

In *Bonnette,* supra, the plaintiffs argued that state and county defendants, acting jointly with public assistant recipients who received benefits, "employed" plaintiffs under the Fair Labor Standards Act. The court stated that "[t]he question of whether a party is an employer or joint employer for purposes of the Act is essentially one of fact. The determination is to be made from a consideration of the total employment situation and the economic realities of the work relationship rather than from formalistic labels, subjective intent, or a good-faith belief that an employer-employee relationship does not exist." [Citations omitted]. *Bonnette,* supra, at 134–35. After reviewing the nature and make-up of the programs, the court concluded that the defendants were the joint employers of plaintiff in-home service providers.

With these guidelines in mind, we will look at the function of the Commonwealth defendants and their relationship to intermediate units in determining whether the Commonwealth defendants are joint employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). The legislature of the Commonwealth of Pennsylvania provides for the establishment of intermediate units which are part of the public school system of the Commonwealth. 24 P.S. § 9–951. The State Board of Education is to adopt such regulations as it deems necessary to guide the organization and operation of intermediate units and to provide procedures for amendment of the state plan of intermediate units. 24 P.S. § 9–955. Intermediate units receive subsidies from the Commonwealth for services provided and they are not prohibited from receiving funds from school districts and other sources. 24 P.S. § 9–957. Policy for the election of an intermediate unit board of directors is set by the Commonwealth, 24 P.S. § 9–960, and the board of directors is given all powers and duties with respect to special pupil services and vocational-technical education. 24 P.S. § 9–958, § 9–959. Provision is also made for the election of officers and the appointment of a staff by the board of directors. 24 P.S. § 9–962, § 9–963. The powers and duties of the intermediate unit board of directors and its executive director are set forth. 24 P.S. § 9–964, § 9–965. Financing of intermediate units is also provided for by the Commonwealth and the school districts comprising the unit. 24 P.S. § 9–967.1, § 9–970.

While it is true, as the Commonwealth defendants argue, that they had no direct control over the operation, hiring and employment policies of defendant Blast and that control of Blast's day-to-day operation was vested in its executive director and board of directors, the concept of joint employment under the Fair Labor Standards Act is an expansive one and is to be applied with consideration given to the broad remedial purposes of the Act. *Donovan v. Sabine Irrigation Co., Inc.,* 695 F.2d 190 (5th Cir.1983) *cert. denied* 463 U.S. 1207, 103 S.Ct. 3537, 77 L.Ed.2d 1387 (1983). In the instant circumstances, we believe it is important to consider that special education is an integral function of the Commonwealth and its Department of Education and that the Commonwealth maintains regulatory authority over intermediate units and provides funding. Further, the Commonwealth defendants benefit from the work performed by the intermediate units.

Because the Commonwealth defendants were responsible for establishment of intermediate units, issuing regulations and guidelines for administration of the units, and providing state funds for the operation of the units, we conclude that they are joint

employers with defendant Blast within the liberal definitions of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Accordingly, the Commonwealth defendants' motion to dismiss will be denied.[2]

### ORDER

NOW, this 22 day of December, 1987, IT IS HEREBY ORDERED THAT:

[1] the motion of the Commonwealth of Pennsylvania and the Department of Education to dismiss the amended complaint is denied; and

[2] the Commonwealth defendants are allowed twenty [20] days from the date of this Order in which to file an answer.

2. Because of our findings, we do not have to address the secondary issue of whether the Commonwealth defendants are necessary parties to this action.